

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# Aruanno v. Glazman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Aruanno v. Glazman" (2009). *2009 Decisions.* Paper 1792.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1792

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-2543

_____

JOSEPH ARUANNO,

Appellant,

v.

DR. LYUDMILA GLAZMAN, Dr. R. DAVID PARRISH, JOSEPH KNOWLES, DR.
NEAL BRANDOFF, DR. ROBERT ROTH, and DR. WAYNE BLODGETT,

Appellees.

_____

Appeal from the United States District Court
for the District of New Jersey
Case No. 03-CV-03696
(Honorable Garrett E. Brown, Jr.)

_____

Argued December 10, 2008

Before: McKEE, SMITH, and ROTH, *Circuit Judges*.

Filed: March 3, 2009

Thomas E. Schorr, Esq. (ARGUED)
Smith, Stratton, Wise, Heher & Brennan, LLP
2 Research Way
Princeton, NJ 08540

    *Attorney for Petitioner*

Stephen D. Holtzman, Esq. (ARGUED)
Holtzman & McClain, P.C.
524 Maple Avenue, Suite 200
Linwood, NJ 08221

Thomas E. Kemble, Esq.
Deputy Attorney General of New Jersey
R. David Parrish and Joseph R.J. Hughes Justice Complex
P.O. Box 112, 25 Market Street
Trenton, NJ 08625

    *Attorneys for Respondents*

OPINION OF THE COURT

McKee, Circuit Judge.

Joseph Aruanno appeals the order of the district court granting summary judgment to each group of defendants on the suit he instituted pursuant to 42 U.S.C. § 1983. The defendants include licensed psychiatrists and members of Treatment Review Committees in two state prisons. For the reasons that follow, we will affirm, although we do so on a different basis than that relied on by the district court.

## I.

Because we write primarily for the parties, we need not recite the facts or

procedural background of this case except insofar as may be helpful to our discussion.

Aruanno maintains that there was not a sufficient medical basis for Brandoff's initial decision to prescribe antipsychotic drugs, or for later decisions, involving the remaining appellees, to continue or renew this line of treatment. He contends that his sworn testimony about retaliation for persisting in litigation against the New Jersey Department of Corrections ("NJDOC"), together with his extensive medical records and the decisions of various treating psychiatrists, raise genuine issues of material fact that preclude summary judgment for the defendants.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of the district court's award of summary judgment. *Abramson v. William Paterson Coll.*, 260 F.3d 265, 276 (3d Cir. 2001). We apply the same standard that the district court should have applied. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriately awarded "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We, of course, draw all inferences from the underlying facts in the light most favorable to the non-moving party. *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

The district court grounded its analysis in substantive due process. *See Aruanno v. Glazman*, 2007 WL 1221113, at *6 (D. N.J., Apr. 20, 2007). In analyzing the significant

3

liberty interest in avoiding unwanted administration of antipsychotic drugs identified in *Washington v. Harper*, 494 U.S. 210, 221-22 (1990), the district court also noted the limits of the right to refuse treatment. "[A] prison may compel a prisoner to accept treatment when prison officials, in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990). Accordingly, the decision of a medical professional to force medicate a prisoner is presumed valid, "unless it is shown to be such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." Id.

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain resulting from deliberate indifference to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate deliberate indifference, Aruanno must show that the appellees possessed a subjective appreciation of an excessive risk to his safety, and nevertheless chose to disregard that risk. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Aruanno contends that, given the absence of evidence that he would harm himself or others, forced medication was unwarranted.

Thus, whether we view his claim as an Eighth Amendment claim based on the prohibition against cruel and unusual punishment, or as a substantive due process claim, Aruanno can not survive the defendants' motion for summary judgment absent expert testimony that would dispute the defendants' assertions that the treatment he received was medically necessary. Since Aruanno's Amended Complaint and his arguments on appeal

4

mention only his Eighth Amendment claims, our analysis will be focused on that claim. However, we would reach the same result if we viewed this as a claim for denial of substantive due process as the district court did.

In *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), we held that a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need requires expert testimony when the seriousness of injury or illness would not be apparent to a lay person. *Id*. at 473-74. In *Montomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002), we further highlighted the inherent challenges that arise from a litigant attempting to provide his/her own explanation of complicated medical symptoms, consequences, and treatment decisions. *Id*. at 504 (citing the differences between witness testimony about a broken leg or a bullet wound versus the effects of heart failure and HIV medication). Medical testimony is needed in such cases to assist the factfinder in understanding the case and assessing the quality of medical care received.

Aruanno's case encompasses almost 2,000 pages of complex psychiatric observations and the opinions of dozens of medical professionals over several years. It is inconceivable that a layperson could evaluate this case without expert guidance. The district court addressed that concern by authorizing the funds required for Aruanno to hire an expert who could evaluate the medical evidence in this case. Aruanno was certainly within his right not to use the expert that was authorized; but his failure to use any expert leaves a fatal void in his case that can not be overcome with only his sworn statement about threats from prison officials.

5

Moreover, the record reveals an effort on the part of his treating psychiatrists to be responsive to his reactions to his medication where possible. On numerous occasions since the initial September 2002 order, the dose of his prescription for Risperdal was lowered; it was also offered without an additional antidepressant, temporarily substituted with another drug, and eventually discontinued. The medical basis for each decision, along with Aruanno's physical and mental responses to the changes, were carefully documented. While it may be theoretically possible that such judgments somehow resulted from deliberate indifference, as Aruanno argues, there is nothing on this record to support that claim. Indeed, the unchallenged testimony of the defendants is to the contrary.

Therefore, Aruanno has failed to raise a genuine issue of fact as to whether the appellees' decision to forcibly medicate him constituted deliberate indifference to his medical needs.

**III.**

For all of the above reasons, we will affirm the order of the district court granting summary judgment to the appellees.